## Harris et al. v. Schultz et al.

1. **Mechanic's Lien:** FOR PRICE OF LIGHTNING RODS. A mechanic's lien will attach and may be enforced against a building, and the land on which it is situated, for the labor and material used in the construction and erection of lightning rods upon the building, regardless of the question whether or not such rods are of any utility.

2. **Appeal to Supreme Court:** LESS THAN $100: WHAT CERTIFICATE MUST STATE. Where an appeal to this court involves less than $100, the certificate of the trial judge must state the specific question of law to be determined, and the particular facts upon which it is based, so far as necessary to understand the question. Questions not so stated, though argued by counsel, cannot be considered.

*Appeal from Wright District Court.*

WEDNESDAY, OCTOBER 22.

ACTION to enforce a mechanic's lien for the price of lightning rods furnished for and affixed to a building upon a contract with the owner.   A demurrer to the petition was sustained, and, plaintiffs refusing to plead further, a judgment was entered for defendants, from which plaintiffs appeal.

*Nagle & Weber*, for appellants.

*Ladd & Peterson*, for appellees.

BECK J.—I.   The amount in controversy being less than $100, the cause was sent here upon the certificate of the judge trying it.   The questions certified involve the inquiry, and no other, whether the law provides a mechanic's lien for lightning rods attached to houses and other structures.

The statute provides that " every mechanic, or other person, who shall do any labor upon, or furnish any materials, machinery, or fixtures, for any building, erection or other improvement upon land," shall be entitled to a lien therefor. Acts Sixteenth General Assembly, Chap. 100, § 3; Miller's Code, § 2130.

Lightning rods are designed to protect and preserve buildings to which they are attached.   They are secured to the . buildings by nails, screws or bolts, in such manner as to render them permanent and substantial.   They are not different in character or purpose from metalic gutters and spouting, or iron anchors.   All are designed to secure buildings against the elements and forces of nature.   Lightning rods are for protection against electricity; gutters and spouting for protection against rain; and anchors to give security against wind.   It cannot be claimed that gutters and spouting and iron anchors are not a part of the building, nor can such a claim be made as to lightning rods.   They clearly

become essential parts of the building to which they are attached. The labor and material used in their construction and erection is done and furnished for the building in contemplation of the statute, for which a lien will attach.

II. The utility of lightning rods cannot be a subject of inquiry in this case. They are put up for a useful purpose, and are regarded by those who cause them to be attached to their buildings as being a useful protection against electricity. The utility and benefits of parts of a building cannot be questioned when the laborer and material man is seeking to enforce remedies for their construction.

*Drew v. Mason,* 81 Ill., 498, was decided under a statute different from ours; it is not, therefore, applicable to this case.

III. Certain questions argued by counsel for defendants, not being specifically stated in the certificate of the judge, cannot be considered. The first question certified is too general, covering every conceivable point in the case, to require attention. We have repeatedly held that the certificate must state the specific question of law to which an answer is desired, and the particular facts upon which it is based, if they be necessary to an understanding of the question.

In our opinion the questions submitted to us in this case ought to be answered affirmatively. The judgment of the district court is

REVERSED.